## SPANN *v.* SPANN.

### Opinion delivered May 21, 1917.

1. DIVORCE—CRUEL TREATMENT.—In an action for divorce upon grounds of impotency and cruel treatment, *held*, plaintiff had failed to establish her case.

2. DIVORCE—CRUEL TREATMENT.—Where plaintiff deserted her husband and refused to live with him, she can not obtain a divorce upon the grounds of cruel treatment by proof of remarks made by defendant about her, made after she had deserted him.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*W. C. Adamson,* for appellant.

1. There is no testimony showing cruelty or impotency. 26 Cyc. 913, notes.

2. The alleged statements were made after she deserted him; they were not malicious and without probable cause. They were no ground of divorce. 90 Ark. 40; 97 *Id.* 125. They do not constitute legal cruelty. 14 Cyc. 606; 67 How. Pr. 20; 4 Okla. 359; 80 Mo. App. 327. Nor were they malicious and without probable cause. 14

Cyc. 608, 607; 18 L. R. A. (N. S.) 300; 13 Tex. 468; 1101 Ky. 623.

3. False charges of infidelity may constitute cruelty, but it must appear that such charge has no foundation in fact. 97 Ark. 125; 104 *Id.* 386.

See also 26 Cyc. 915 and notes as to physical examination. 24 Cyc. 914 and notes; 7 L. R. A. 425, etc.

*Rhoton & Helm,* for appellee.

The charges were proven and the divorce was properly granted. The charges were shocking and disgusting, making her condition intolerable. 30 N. Y. Eq. 359; 9 Am. Law J. 193; 38 Ark. 119; 44 *Id.* 449.

McCULLOCH, C. J. The plaintiff, Lula Spann, sued her husband, W. A. Spann, in the chancery court of Pulaski County for a divorce and for division of his property, and the chancery court rendered a decree in her favor dissolving the bonds of matrimony and awarding her the share of his property authorized by statute.

The parties intermarried on April 24, 1914, in Saline County, Arkansas, where defendant resided on his farm, and they lived together until May 1, 1915, when they separated, plaintiff leaving the home of defendant and failing to return to him.

The grounds for divorce set forth in the complaint are that defendant was at the time of said marriage, and still is, impotent, and that he offered such indignities to the person of plaintiff as to render her condition intolerable. There was no effort to establish the first grounds for divorce—that of impotency. The only incident shown by the proof which tends to establish improper treatment of plaintiff by her husband during the time they lived together was one that transpired about two weeks before the separation in which defendant is said to have spoken harshly to plaintiff, but it is not contended that that occurrence alone was sufficient to make out grounds for divorce. The contention is that after the separation

defendant made remarks in the community about plaintiff's physical condition which were calculated to humiliate her, and did cause her a sense of shame and humiliation. The alleged conduct on the part of defendant occurred, however, after the separation—after plaintiff had deserted defendant—and, if the remarks were made as claimed they did not constitute grounds for divorce.

The proof shows that defendant has at all times expressed a desire to have plaintiff return to live with him, and even when he gave his testimony in the present case he very earnestly expressed that desire.

There are details of the case which we think are unnecessary to discuss, but when the testimony is fully considered it is readily found that defendant was not seriously at fault in his conduct and in his relations with his wife, and it is clear that the grounds for divorce are not established by the evidence. The decree of the chancery court is, therefore, reversed and the cause is remanded with directions to enter a decree dismissing the complaint for want of equity.